UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RODNEY S. PERRY, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02916-JRS-DML |
| | ) | |
| DUSHAN ZATECKY, et al. | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

Rodney Perry is an Indiana prisoner. His habeas petition challenges a prison disciplinary conviction under case no. ISR 19-12-0110. The claims in his petition are either denied as non-cognizable issues that are unrelated to the fact or duration of his custody or denied on the merits. Accordingly, his habeas petition is **DENIED**.

## I. LEGAL STANDARD

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II. BACKGROUND

Mr. Perry was charged with committing a violation of criminal law, in violation of Indiana prison code A-100, when he punched a correctional officer, grabbed the officer's chemical spray, and sprayed the officer in the face. Dkt. 8-1 (report of conduct). He pleaded guilty and did not ask to call witnesses or present evidence. Dkt. 8-3 (screening report). A disciplinary hearing was held immediately after he received the screening report. Dkt. 8-4 (report of disciplinary hearing). He was found guilty and received a loss of 4,500 days earned credit time and a 2-step demotion in credit-earning class. *Id.* He also received a loss of privileges and was placed in disciplinary restrictive status housing. *Id.*

Mr. Perry's disciplinary conviction was modified on appeal to battery in violation of code A-102. *See* dkt. 8-7, p. 1 (first appeal letter). After he filed this habeas petition, his sanction was administratively reduced to a loss of 180 days earned credit time and a 1-step demotion in credit-earning class; his placement on disciplinary restrictive status housing was also reduced; and his loss of privileges remained in effect. Dkt. 8-7, p. 2 (second appeal letter).

## III. DISCUSSION

Mr. Perry concedes that he was guilty as charged. *See* dkt. 13, pp. 4, 12 (reply brief). However, he raises several claims regarding his placement in solitary confinement. *See generally* dkt. 1 (habeas petition); dkt. 13. He also claims that the screening officer, Ryan Cochran, falsified the screening report to indicate that Mr. Perry waived his right to 24 hours advance written notice; that a prison official violated prison policy by failing to sign an investigation report and failing to mention that an officer later came to separate him from the officer he assaulted; that his punishment is excessive; and that he only pleaded guilty because Officer Cochran told him that he would be charged in a criminal action.

### A.  Solitary Confinement Claims

Mr. Perry raises several claims relating to his placement in solitary confinement. These include arguments that he was improperly placed in disciplinary segregation before he was found guilty, that he was placed in solitary confinement on the basis of race and retaliation, and that the number of days he spent in solitary confinement was excessive. *See* dkt. 1, p. 3.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). In other words, "a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief." *Id.* Typically, in the context of prison disciplinary proceedings, this means that in order to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all."  *Id.* at 644.

Mr. Perry's solitary confinement claims do not relate to the fact or duration of his custody. Instead, they relate to the conditions of his confinement. A prisoner may not challenge the conditions of confinement, including disciplinary segregation, on habeas review. *See DeWalt v. Carter*, 244 F.3d 607, 617-18 (7th Cir. 2000). Accordingly, all of Mr. Perry's solitary confinement claims are **DENIED**.

### B.  Right to Adequate Notice

Due process entitles inmates to advance "written notice of the charges . . . in order to inform [them] of the charges and to enable [them] to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations and quotation marks omitted). Due process requires a minimum of 24 hours advance written notice of the charge. *Wolff*, 418 U.S. at 564; *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

The parties dispute whether Mr. Perry waived his right to 24 hours advance written notice. Mr. Perry says that Officer Cochran falsified his screening order by checking a box indicating that he waived this right—an allegation the respondent attempts to refute through Officer's Cochran's sworn affidavit. *See* dkt. 8-9 (Cochran affidavit). But even assuming that Mr. Perry's allegations of fraud are true, his claim must be denied because he has not demonstrated prejudice. *See Piggie*, 342 U.S. at 666 (harmless error doctrine applies to prison disciplinary cases). He has not stated what, if anything, he would have done differently had he received additional written notice of his charge before the disciplinary hearing. Accordingly, this claim is **DENIED**.

Liberally construed, the petition also claims that Mr. Perry was denied adequate notice because his conviction was modified from A-100 (violation of criminal law) to A-102 (battery) on administrative appeal. However, due process permits prison officials to modify an inmate's charge as long as the original notice included "all the information he needed to defend against the [amended] charge." *Id.* at 911. Indeed, the charge may even be modified on administrative appeal well after the hearing is over. *Id.* at 910 (denying habeas petition where administrative appeal officer modified the charge from "a Code 100-A violation" to violation of Code A-111/113 for attempted trafficking).

In this case, the basis for Mr. Perry's conviction has not changed. Both his original conviction for committing a crime in violation of A-100, and his modified conviction for battery in violation of A-102, arose from his assault of a correctional officer. These allegations were described in the conduct report. The fact that his conviction was modified on administrative review did not deprive him of adequate notice or prejudice him in any way. Accordingly, this claim is **DENIED**.

### C.  Failing to Sign and Include Information in Investigation Report

Mr. Perry claims that a prison official violated prison policy by failing to sign the investigation report. He also claims that this official should have stated that an officer separated Mr. Perry from the officer he assaulted. Neither claim has merit. There is no due process right to have a prison official sign an investigation report. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (violations of prison policy are not cognizable on habeas review unless the policy overlaps with a due process right). Also, the fact that Mr. Perry was eventually separated from the officer he assaulted is wholly irrelevant. Accordingly, this claim is **DENIED**.

### D.  Excessive Punishment

Mr. Perry challenges the loss of 4,500 days earned credit time and placement in solitary confinement as excessive. This claim is **DENIED as moot**. Mr. Perry's loss of credit time was reduced to 180 days after he filed his petition. His reply brief does not argue that his 180-day loss of earned credit time is excessive. *See generally* dkt. 13. As to his prolonged placement in solitary confinement because, as explained above, such claims are non-cognizable on habeas review.

### E.  Claims Regarding Guilty Plea

Mr. Perry claims that he was coerced into pleading guilty when Officer Cochran told him that he would be charged with a crime. He also argues that "there was no evidence of the incident

supporting the guilty finding without Perry's guilty plea and immediate placement in segregation housing without due process until (sixty days) later or 2 months later." Dkt. 13, pp. 8-9.

The Court interprets this as a claim of insufficient evidence. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 600, 675 (7th Cir. 2012) ("The some evidence standard is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence standard" is much more lenient than the beyond a reasonable doubt standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Even if the Court were to set aside Mr. Perry's guilty plea, the conduct report in this case provides sufficient evidence of guilt. The conduct report states that Mr. Perry "swung a fist and hit Officer Templeton" before grabbing "Officer Templeton's OC from his duty belt and spraying the OC in Templeton's facial area." Dkt. 8-1 (cleaned up). Accordingly, this claim is **DENIED**.

### IV. CONCLUSION

Mr. Perry's habeas petition is **DENIED**. Final judgment in accordance with this Order shall now issue.

**IT IS SO ORDERED**.

Date:   11/2/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RODNEY S. PERRY, SR.
974441
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov